**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3295
_____

LUIS BOLIVAR BALBOA GUAMAN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A089-854-825
Immigration Judge: Eugene Pugliese
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 20, 2022

Before: CHAGARES, McKEE,* and PORTER *Circuit Judges*

(Opinion filed: June 15,2023)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
* Judge McKee assumed senior status on October 21, 2022.

McKEE, *Circuit Judge*.

Luis Bolivar Balboa Guaman petitions for review of the Board of Immigration Appeals' denial of his motion to reopen. For the following reasons, we will deny the petition.

## I.[1]

Balboa Guaman's case centers on two ineffective assistance of counsel claims: the first is based on his experience with attorney Carlos A. Ferrer during his removal proceedings and the second stems from his experience with attorney Arturo Suarez during his attempts to reopen those proceedings.

Balboa Guaman accepted voluntary departure on August 26, 2010, on the advice of Attorney Ferrer. On February 1, 2011—then represented by Attorney Suarez—Balboa Guaman filed an untimely motion to reopen with the immigration judge. He argued he had received ineffective assistance of counsel because Attorney Ferrer had not informed him of his right to apply for asylum. The immigration judge denied this motion and the Board of Immigration Appeals dismissed his appeal on April 27, 2012.

Balboa Guaman then filed a second untimely motion to reopen on August 7, 2020. He reiterated his arguments that Attorney Ferrer provided him with ineffective assistance of counsel during his initial removal proceedings. He also argued that Attorney Suarez

---

[1] The BIA had jurisdiction to hear Balboa Guaman's case under 8 C.F.R. § 1003.2, which grants it jurisdiction to consider motions to reopen. Our jurisdiction to review the Board's order is governed by 8 U.S.C. § 1252, which confers exclusive jurisdiction on the federal courts of appeals to review most final orders of removal. *See* 8 U.S.C. § 1252(a)(1).

provided him with ineffective assistance of counsel in pursuing his ineffective assistance of counsel claim against Attorney Ferrer.

The BIA denied this motion. It found that Balboa Guaman failed to show prejudice that resulted from Attorney Suarez's representation,[2] and failed to show changed country conditions that would allow consideration of his untimely motion.[3] Balboa Guaman now appeals the finding that he did not establish the prejudice necessary to establish an IAC claim.[4]

## II.

To establish an ineffective assistance of counsel claim, the noncitizen petitioner must demonstrate that "his lawyer committed unprofessional errors, [and] show that there

---

[2] The BIA's analysis only addressed claims regarding Attorney Suarez because the Board had already considered and dismissed Balboa Guaman's appeal of IAC claims regarding Attorney Ferrer in its April 27, 2012, decision.

[3] The BIA also may have held that Balboa Guaman failed to comply with the *Matter of Lozada* procedural requirements. The Board's conclusion was unclear due to conflicting statements within the opinion. The Board asserted both that Balboa Guaman "ha[d] complied with those [*Lozada*] procedural requirements" and that he had "failed to comply with the procedural requirement set forth in *Matter of Lozada*." AR 4. To the extent that the opinion can be read to hold that he failed to meet the *Lozada* requirements, Balboa Guaman appeals that finding and contends that he substantially complied with the requirements. Respondent agrees with Balboa Guaman and concedes that it "reads the Board's decision to mean that Petitioner met the *Lozada* requirements in this case." Resp't's Brief, 11 n. 2. We agree with the parties that Balboa Guaman met the *Lozada* requirements. While he did not file disciplinary charges against Attorney Suarez, *Lozada* requires only that "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Balboa Guaman explained that he did not file a complaint against Attorney Suarez because Attorney Suarez had already been disciplined. This explanation satisfies *Lozada*.

[4] Balboa Guaman does not appeal the BIA's determination that he failed to show changed country conditions that would allow consideration of his untimely motion, so we do not address this finding.

3

was a 'reasonable likelihood that the result would have been different if the error[s] ... had not occurred.'"[5] While denials of motions to reopen are typically reviewed for abuse of discretion, claims of ineffective assistance of counsel are reviewed de novo.[6]

We agree with the BIA that Balboa Guaman has not demonstrated the prejudice necessary to establish an IAC claim. His original motion made only general references to persecution due to his indigenous ethnicity. On appeal, he merely argues that he "never had the opportunity to present his case. . . [and b]eing stripped of this right, alone, is enough to show prejudice."[7] This is incorrect. To show prejudice, Balboa Guaman needed to explain in his motion why he would have been eligible for relief from removal in the first place.[8] Because he offered no such explanation, we cannot find that he was prejudiced by Attorney Suarez's alleged ineffective representation.[9]

## III.

For the reasons described above, we will therefore deny the petition.

---

[5] *Fadiga v. Att'y Gen. U.S.*, 488 F.3d 142, 159 (3d Cir. 2007) (quoting *United States v. Charleswell*, 456 F.3d 347, 362 (3d Cir. 2006)).

[6] *Id.* at 153.

[7] Pet'r's Brief, 12.

[8] *Zheng v. Gonzales*, 422 F.3d 98, 107 (3d Cir. 2005).

[9] We address only the claims against Attorney Suarez because the BIA declined to reconsider its 2012 decision regarding the ineffective assistance of counsel claims against Attorney Ferrer, which Balboa Guaman never appealed. Because the BIA did not reconsider these claims, they are outside the scope of our review.